FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 AM 10: 22

James F. Vollintine
P.O. Box 113329
Anchorage, AK 99511-3329
(907)346-4446; Fax 346-4898
Email: jfv@alaska.com
Attorney for Plaintiff

Daniel M. Duame
4000 Old Seward Highway, Suite 202
Anchorage, AK 99503
(907)563-2146; Fax 770-6223
Email: Dand@aleutian-housing.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF AKUTAN DBA AKUTAN TRIBAL COUNCIL and ALEUTIAN HOUSING AUTHORITY,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALPHONSO JACKSON, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; WAYNE MUNDY, ADMINISTRATOR, ALASKA OFFICE OF NATIVE AMERICAN PROGRAMS, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; DONNA HARTLEY, DIRECTOR, GRANTS MANAGEMENT DIVISION, ALASKA OFFICE OF NATIVE AMERICAN PROGRAMS, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | No. A05-284 Civil |

COMPLAINT FOR JUDICIAL REVIEW
OF ADMINISTRATIVE ACTION

Come now the plaintiffs, Native Village of Akutan DBA Akutan Tribal Council and Aleutian Housing Authority, by and through counsel, and for their claims against the defendants complain and allege as follows:

1. This is an action for judicial review of administrative action and for injunctive and declaratory relief.

2. This Court has jurisdiction under 28 U.S.C. 1331, 1361, 2201, 5 U.S.C. 701-706, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

3. The plaintiff Native Village of Akutan dba Akutan Tribal Council (hereafter "Tribe") is the duly recognized tribal government for Akutan village, Akutan, Alaska. The plaintiff Aleutian Housing Authority (hereafter "AHA") is an Alaska Native Regional Native Housing Authority organized under AS 18.55.996(b) for the Aleutian region.

4. The defendant Alphonso Jackson is the Secretary of the United States Department of Housing and Urban Development (hereafter "HUD"). The defendant Wayne Mundy is the Administrator of the HUD Alaska Office of Native American Programs. The defendant Donna Hartley is the Director of the Grants Management Division of the HUD Alaska Office of Native American Programs.

5. On or about August 25, 2005 the plaintiff Tribe filed an application with HUD under Title I of the Housing and Community Development Act of 1974, 42 U.S.C. 5301 *et seq.*, and the implementing regulations in 24 CFR Part 1003, for a $500,000 grant to build a 4-plex in Akutan for low-income tribal members. The Tribe designated AHA as its Community-Based Development Organization (hereafter "CBDO") under 24 CFR 1003.204(c) to carry out the project. AHA is an eligible CBDO under 24 CFR 1003.204(c).

6. On November 2, 2005 the defendant Donna Hartley denied the application on the basis that the Tribe failed to submit sufficient information for HUD to determine whether AHA is an eligible CBDO under 24 CFR 1003.204(c).

7. The plaintiffs requested reconsideration, alleging that the documentation necessary for HUD to make its CBDO determination was in fact submitted, that HUD reviewers had failed to consider the documentation and that if HUD felt the documentation was inadequate HUD had an obligation under the regulations to notify plaintiffs and provide an opportunity for a hearing and to correct the alleged defect.

8. The request for reconsideration was denied by defendant Wayne Mundy on November 23, 2005.

9. The plaintiffs have no further appeal rights within HUD. The defendant Wayne Mundy's November 23, 2005 decision is HUD's final decision and final agency action within the meaning of the Administrative Procedure Act, 5 U.S.C. 704. The plaintiffs have exhausted their administrative remedies.

10. The foregoing allegations are incorporated throughout the remainder of this complaint as though set out in full.

11. Count I. The defendants' failure to recognize AHA as the Tribe's CBDO violated 24 CFR 1003.204(c)(2)(iv) and (c)(3). The plaintiff AHA is as a matter of law an eligible CBDO under 24 CFR 1003.204(c)(2)(iv) and (c)(3).

12. Count II. The defendants violated Section V.9(a) of the Notice of Funding Availability (NOFA) and 24 CFR 4.26(a)(1) by failing to provide technical assistance to the plaintiffs and notifying them of that part of their application that was allegedly deficient, and by failing to allow plaintiffs to correct any deficiency. The defendants also violated 24 CFR 4.26(b)(1) and (2) by failing to seek clarification from the plaintiffs of the

terms of their application and failing to request additional information to cure any alleged deficiency.

13. <u>Count III</u>. The defendants' denial of the plaintiffs' application without prior notice, and without an opportunity for hearing or an opportunity to submit additional information was arbitrary, capricious and an abuse of discretion.

14. <u>Count IV</u>. The Defendants' failure to follow Section V.9(a) of the NOFA and 24 CFR 4.26(a)(1) and (b)(1) and (2) violated the plaintiffs' right to procedural due process of law under the Due Process Clause of the Fifth Amendment to the United States Constitution.

15. <u>Count V</u>. The defendants' denial of the plaintiffs' application without prior notice, and without an opportunity for hearing or an opportunity to submit additional information violated the plaintiffs' right to procedural due process of law under the Due Process Clause of the Fifth Amendment to the United States Constitution.

WHEREFORE, the plaintiffs respectfully request that the Court reverse the defendants' decision denying the plaintiffs' application, declare that AHA is an eligible CBDO under 24 CFR 1003.204(c), and order the defendants to continue processing the plaintiffs' application.

DATED December  5 , 2005.

*[signature]*
James F. Vollintine
Attorney for Plaintiff

*[signature]*
Daniel M. Duame
Attorney for Plaintiff