DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF AKUTAN DBA AKUTAN TRIBAL COUNCIL and ALEUTIAN HOUSING AUTHORITY,<br><br>    Plaintiffs,<br><br>v.<br><br>ALPHONSO JACKSON SECRETARY OF HOUSING AND URBAN DEVELOPMENT; WAYNE MUNDY, ADMINISTRATOR, ALASKA OFFICE OF NATIVE AMERICAN PROGRAMS, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and DONNA HARTLEY, DIRECTOR GRANTS MANAGEMENT DIVISION, ALASKA OFFICE OF NATIVE AMERICAN PROGRAMS, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | Case No. 3:05-cv-284-TMB<br><br>**ANSWER** |

Defendants Alphonso Jackson, Secretary of Housing and Urban Development; Wayne

Mundy, Administrator, Alaska Office of Native American Programs, United States Department of Housing and Urban Development; and Donna Hartley, Director Grants Management Division, Alaska Office of Native American Programs, United States Department of Housing and Urban Development, by and through counsel, answer Plaintiffs' Complaint and, using the same numbering of paragraphs and sentences contained in the Complaint, admit, deny and allege as follows:

1. The allegations contained in paragraph 1 are Plaintiffs' characterization of their case, to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations in paragraph 2 are legal conclusions and require no response. To the extent a response is necessary, Defendants deny the allegations.

3. Defendants deny the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in the first sentence of paragraph 5. Defendants deny the allegations contained in the second sentence of paragraph 5; no tribal resolution was submitted designating Plaintiff Aleutian Housing Authority (AHA) as Plaintiff Native Village of Akutan's (NVA's) Community Based Development Organization (CBDO). The allegation in the third sentence of paragraph 5 is a legal conclusion and requires no response. To the extent a response is necessary, Defendants deny the allegation.

6. Defendants admit that NVA's application was not rated and was returned for not being

adequately complete.

7. Defendants admit to the allegation that Plaintiffs requested reconsideration. The remaining allegations contained in paragraph 7 are Plaintiffs' characterization of their case or are legal conclusions, to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

8. Defendants admit that on November 23, 2005, Defendant Wayne Mundy sent Plaintiffs a letter concluding that the Alaska HUD office had followed the requirements set forth in the Notice of Funding Availability and the regulations regarding NVA's application.

9. The allegations in paragraph 9 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

10. Defendants repeat and reallege each of the averments contained in paragraphs 1 through 9 above.

11. The allegations in paragraph 11 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

12. The allegations in paragraph 12 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

13. The allegations in paragraph 13 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

14. The allegations in paragraph 14 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

15. The allegations in paragraph 15 constitute the Plaintiffs' characterization of their case and are legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations.

The remaining paragraph of Plaintiffs' Complaint consist of Plaintiffs' prayer for relief, which does not require an answer. To the extent that an answer is required, Defendants deny that Plaintiffs are entitled to the relief requested in the prayer for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' complaint fails to establish jurisdiction.

3. All other defenses not herein stated are specifically reserved and shall be asserted at such time as the facts supporting their assertion are made known to, or discovered by the Defendants.

WHEREFORE, the Defendants pray that this action be dismissed with prejudice and for such further and other relief as the Court may deem just and proper.

//

//

//

//

Respectfully submitted this 2nd day of February, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006,
a copy of the foregoing ANSWER
was served via hand delivery

James F. Vollintine
P.O. Box 113329
Anchorage, AK  99511-3329

And

Daniel M. Duame
4000 Old Seward Highway, Suite 202
Anchorage, AK  99503

s/Richard L. Pomeroy