# RESTATED BYLAWS OF
# BRISTOL BAY HOUSING AUTHORITY

RECEIVED
FEB 23 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## ARTICLE I - THE AUTHORITY

Section 1 - <u>Name of Authority</u>. The name of the Authority shall be "Bristol Bay Housing Authority."

Section 2 - <u>Seal of Authority</u>. The seal of the Authority shall be in the form of a circle and shall bear the name of the Authority and the year of its organization.

Section 3 - <u>Office of Authority</u>. The office of the Authority shall be at Dillingham or at such other place in the State of Alaska as the Authority may from time to time designate by resolution.

Section 4 - <u>Registered Office</u>. The registered office of the Authority shall be located within the State of Alaska and may be, but need not be, identical with the office of the Authority. The address of the registered office may be changed from time to time.

Section 5 - <u>Commissioner Appointments</u>. The Board of Commissioners shall be selected by the Bristol Bay Native Association ("BBNA").

Section 6 - <u>Vacancy</u>. Should there become a vacancy on the Board of Commissioners because of incapacitation due to health, removal, death or resignation, the BBNA shall appoint a new member to serve the unexpired term of the Commissioner.

Section 7 - <u>Oath of Office</u>. Each Commissioner must take the Oath of Office before serving.

## ARTICLE II - BOARD OF COMMISSIONERS

Section 1 – <u>Number and Terms of Office</u>. The Board of Commissioners shall consist of 5 members who shall serve staggered 3-year terms of office. Upon the expiration of each term Commissioners shall be appointed for 3-year terms. A Commissioner's term shall end on January 15th of the year that his or her term expires, or when his or her successor is appointed, whichever last occurs.

Section 2 - <u>Powers</u>. Powers that the Board shall exercise shall be consistent with applicable federal and state law.

Section 3 - <u>Matters in which a Commissioners has an Interest</u>.

(a) A Commissioner may not vote upon or take part in deliberations concerning matters involving litigation in which that Commissioner is a party, or is a director, officer, employee, shareholder or interest holder in a party adverse to the Authority.

(b) A Commissioner may vote on any other matter in which he or she has an interest if:

(1) the interest is disclosed before the vote on the matter; and

(2) a majority of disinterested Commissioners present allows the interested Commissioner to vote.

(c) An interested Commissioner who is disqualified from voting shall nevertheless be counted in determining whether a quorum is present.

(d) In addition to the circumstances described in (a) of this section, a Commissioner has an "interest" in a matter if:

(1) the matter involves a contract or transaction with the Commissioner;

(2) the matter involves a contract or transaction with an entity of which the Commissioner is an officer, director, employee, shareholder, partner, joint venturer, or other interest holder; or

(3) the Commissioner would receive a direct and substantial economic benefit from the Authority's disposition of the matter, other than a benefit derived from the Commissioner's status as a participant in an Authority program, resident of the affected community, or member of the public.

Section 4 - <u>Removal of Commissioner</u>. The Board of Commissioners may remove a Commissioner who is convicted of a felony, who is declared unsound of mind by an order of a court, or who fails to attend three consecutive meetings of a Board of Commissioners without just cause, irrespective of whether said meetings are regular or special.

## ARTICLE III - OFFICERS

Section 1 - <u>Officers</u>. The officers of the Authority shall be a Chairman, a Vice-Chairman, and a Secretary-Treasurer. The officers may vote on all issues coming before the Board of Commissioners.

Section 2 - <u>Chairman</u>. The Chairman shall preside at all meetings of the Board of Commissioners (hereinafter called "Board"). Upon resolution of the Board, the Chairman shall sign all: 1) deeds or other encumbrances or dispositions of the Authority's real property; 2) the Authority's contracts. Upon resolution the Board may from time-to-time appoint other officers or the Executive Director to sign the Authority's contracts or deeds or other encumbrances or dispositions of the Authority's real property. At each meeting, the Chairman shall submit such recommendations and information as he may consider proper concerning the business, affairs and policies of the Authority.

Section 3 – <u>Vice-Chairman</u>. The Vice-Chairman shall perform the duties of the Chairman in the absence or incapacity of the Chairman; and in case of the resignation or death of the Chairman, the Vice-Chairman shall perform the Chairman's duties until such time as a new Chairman is appointed. The Vice-Chairman shall also serve as the Acting Secretary-Treasurer in the absence of said officer.

Section 4 – <u>Secretary-Treasurer</u>. (a) The Secretary-Treasurer or such assistant secretaries as shall be designated by the Board, shall keep the records of the Authority, shall act as secretary of the meetings of the Board and record all votes, and shall keep a record of the proceedings of the Board in a journal of proceedings to be kept for such purpose, and shall perform all duties incident to this office. The Secretary-Treasurer or such assistant secretaries as shall be designated by the Board, shall keep in safe custody the seal of the Authority and shall have power to affix such seal to all contracts and instruments authorized to be executed by the Board. In the absence of both the Chairman and Vice-Chairman, the Secretary-Treasurer shall preside.

(b) The Secretary-Treasurer shall cause to be prepared reports on the financial condition of the Authority. The Secretary-Treasurer shall see that any person authorized by the Board or the Executive Director to pay out and disburse money, open and close bank accounts, sign checks, or keep regular books and accounts carries out his or her functions in accordance with applicable Board policies, the current budget, and applicable law.

Section 5 - <u>Executive Director</u>. The Executive Director shall be appointed by the Board, and shall serve at the pleasure of the Board or pursuant to any written employment contract approved by the Board. The Executive Director is the principal executive officer of the Authority, and may exercise any authority conferred herein under the standards set by Board policy, the annual budget, and applicable law. The Executive Director may enter into contracts or obligations not requiring the Chairman's signature under Article III, Section 2 of these Bylaws, and shall notify the Board of any such contract or obligations no later than the next regular Board meeting. The Executive Director shall attend all meetings of the Board and keep the Board fully advised of the status and development of the Authority's activities. The Executive Director shall represent the Authority at the highest levels with opinion leaders and government representatives, and advise or recommend to the Board on all matters requiring Board policy determinations. Within the standards governing his authority expressed herein, the Executive Director or his delegate shall:

   (1) administer and ensure compliance with all contracts and undertakings of the Authority;

   (2) appoint, discharge and fix the compensation of all employees and agents of the Authority, other than the Board, provided that all staff shall be employed and compensated in accordance with the Personnel Policy and budgets adopted by the Board of Commissioners;

   (3) ensure Authority compliance with Board policies, the annual budget, and applicable law;

**RESTATED BYLAWS OF
BRISTOL BAY HOUSING AUTHORITY**  3

EXHIBIT __B__
PAGE __3__ OF __8__

(4) sign checks, and open and close bank accounts; and

(5) in general perform. all duties incidental to the position of chief executive officer and any additional duties that may be prescribed by the Board from time to time.

Section 6 - Additional Duties. The officers of the Authority shall perform such other duties and functions as may from time to time be required by the Board, the Bylaws, or rules and regulations of the Authority.

Section 7 - Election or Appointment. The Chairman, Vice-Chairman and Secretary-Treasurer shall be elected at the Annual meeting of the Board of Commissioners from among the Commissioners, and shall hold office for one year or until their successors are elected and qualified.

Section 8 - Vacancies. Should the office of Chair, Vice-Chairman or Secretary-Treasurer become vacant, the Board shall elect a successor from among the Commissioners at the next regular meeting, and such election shall be for the unexpired term of said office.

Section 9 - Additional Personnel. The Authority may from time to time employ such personnel as it deems necessary to carry out its powers, duties and functions as prescribed by law.

## ARTICLE IV - MEETINGS

Section 1 - Annual Meeting. The annual meeting of the Board shall be held on the first day of the Fall annual meeting of the Bristol Bay Native Association, at a time and place designated by the Chairman.

Section 2 - Regular Meetings. Regular Board Meetings shall be held on the second Thursday of every month or closest Board-approved date, at the regular meeting place of the Board. In the event such date falls on a legal holiday, the regular meeting shall be held on the next succeeding day. Regular meetings may be held without notice.

Section 3 - Special Meetings. The Chairman or the Executive Director may, when either deem it expedient, and the Chairman shall, upon the written request of two members of the Board, or by motion duly made and seconded, call a special meeting of the Board for the purpose of transacting any business designated in the call. Actual notice must be given to each member of the Board at least twenty-four (24) hours prior to the time of such special meeting. At such special meeting no business shall be considered other than as designated in the call, and no action may be taken without the concurrence of three Commissioners, but if all of the members of the Board are present at any special meeting, any and all business may be transacted at such meeting. Whenever expedient, the special meeting may be held by conference call, and whenever a conference call is utilized the notice shall so indicate. At a conference call meeting, each Commissioner must be able to communicate simultaneously with all other Commissioners.

Section 4 - <u>Conference Call Meeting</u>. The Chairman may, when he deems it expedient, and shall, upon the request of the Executive Director, call for a Conference Call Meeting. Actual notice must be given to each member of the Board at least twenty-four (24) hours prior to the time of the Conference Call Meeting. At such meeting no business shall be considered other than as designated in the call, and no action may be taken without the concurrence of three Commissioners. The manner of voting shall be by roll call vote. At a Conference Call Meeting, each Commissioner must be able to communicate simultaneously with all other Commissioners.

Section 5 - <u>Quorum</u>. The power of the Authority shall be vested in the Commissioners thereof in office from time to time. Three Commissioners shall constitute a quorum for the purpose of conducting its business and executive powers and all other purposes, but a smaller number may adjourn from time to time until a quorum is obtained. When a quorum is in attendance, action may be taken by the Authority upon a vote of a majority of the Commissioners present except with respect to special meetings as provided in Section 3 of this Article.

Section 6 - <u>Order of Business</u>. At regular meetings of the Authority the following shall be the order of business.

   I. Call to order
   II. Roll Call
   III. Adoption of Agenda
   IV. Approval of minutes of previous meeting
   V. Approval of previous month's Financial Report
   VI. New Business
   VII. Old Business
   VIII. Adjournment

All resolutions shall be in writing and shall be copied in a journal of the proceedings of the Authority.

Section 7 - <u>Manner of Voting</u>. The voting on all questions coming before the Board shall be by verbal yeas and nays unless the voting is controversial or challenged. In such cases, the voting shall be by raising of the hands or standing and the yeas and nays shall be entered upon the minutes of such meeting, except in the case of elections when the vote may be by ballot.

Section 8 - <u>Presumption of Assent</u>. A Commissioner who is present at a meeting of the Board of Commissioners at which action on any Authority matter is taken shall be presumed to have assented to the action taken unless his or her dissent shall be entered in the minutes of the meeting or unless he or she shall file his or her written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the Secretary of the Authority immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Commissioner who voted in favor of such action.

Section 9 - Executive Session. The Board may, after convening any meeting held under Sections 1-4 of this Article as a public meeting, hold an executive session on motion and with the assent of a majority of Commissioners present to discuss any of the following matters.

(1) matters, the immediate knowledge of which would clearly have an adverse effect upon the finances of the Authority.

(2) subjects that tend to prejudice the reputation and character of any person, provided that the person may request a public discussion.

(3) matters which by law are required to be confidential.

No subject may be considered at the executive session except those mentioned in the motion calling for the executive session unless auxiliary to the main question. No action may be taken at the executive session.

## ARTICLE V - CONTRACTS, LOANS, CHECKS AND DEPOSITS

Section 1 - Contracts. The Board of Commissioners may authorize the Executive Director, or any other officer, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Authority, and such authority may be general or confined to specific instances or restricted by agreement, the Bylaws, the Articles of Organization, or by state and/or federal law and regulation.

Section 2 - Loans. No loans shall be contracted on behalf of the Authority and no evidence of indebtedness shall be issued in its name unless authorized by a resolution of the Board of Commissioners. Such authority may be general or confined to specific instances and, as limited by agreement, these Bylaws, the Articles of Organization, or by State and/or federal law and regulation.

Section 3 - Checks, Drafts, Etc. All checks, drafts or other orders for the payment of money, notes, or other evidences of indebtedness issued in the name of the Authority, shall be signed by the Executive Director, and by such officer or officers of the Authority and in such manner as shall from time to time be determined by resolution of the Board of Commissioners.

Section 4 - Deposits. All funds of the Authority not otherwise employed shall be deposited from time to time to the credit of the Authority in such banks, trust companies, or other depositories as the Board of Commissioners may select.

## ARTICLE VI - CODE OF CONDUCT

Section 1 - Duties of Loyalty and of Due Care. Commissioners must be loyal to the Authority and act at all times in its best interest. Commissioners should never use their board position to make a personal profit.

Section 2 - <u>Due Care</u>. Commissioners must perform. their duties in good faith, with sound business judgment, and with the care of a prudent person. A diligent Commissioner:

(1) attends Board and committee meetings regularly;

(2) conducts himself or herself in a polite and professional manner while attending Board or committee meetings;

(3) analyzes Authority reports, information, and Authority action to ensure they meet the standards of business excellence;

(4) studies the Authority's business environment;

(5) complies with all policies and expends the Authority's funds prudently;

(6) respects the boundaries between the Board's role in policy development and management's role in the implementation of Board policies; and

(7) refrains from making false or misleading statements damaging to the Authority.

## ARTICLE VII - WAIVER OF NOTICE

Unless otherwise provided by law, whenever any notice is required to be given under these Bylaws, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated herein shall be deemed equivalent to the giving of such notice.

## ARTICLE VIII - AMENDMENTS

Section 1 - <u>Amendments to Bylaws</u>. The Bylaws of the Authority may be amended or restated only with the approval of at least three Commissioners at any Board meeting, provided, that at least seven days written notice thereof has been previously given to all Commissioners.

## ARTICLES IX - RULES

Robert's Rules of Order shall be the parliamentary law governing the meetings of the Board of Commissioners.

APPROVED by the Board of Commissioners at Dillingham, Alaska this 22nd day of November, 2002.

BRISTOL BAY HOUSING AUTHORITY

*[signature]*
Chairman

Attest:

*[signature]*
Secretary-Treasurer