IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF AKUTAN dba
AKUTAN TRIBAL COUNCIL and
ALEUTIAN HOUSING AUTHORITY,

        Plaintiffs,

vs.

ALPHONSO JACKSON, SECRETARY OF
THE UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT, et al.,

        Defendants.

Case No. 3:05-cv-0284-RRB

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

Before the Court are cross-motions for summary judgment. Plaintiffs Native Village of Akutan d.b.a. Akutan Tribal Council ("NVA") and Aleutian Housing Authority ("AHA") (at times herein collectively referred to as "Plaintiffs") seek summary judgment "on the ground that no genuine issue exists concerning any material fact and that they are entitled to judgment as a matter of law."[1] More specifically, Plaintiffs request that the Court:

---

[1]     Clerk's Docket 9 at 1.

> (1) reverse [the United States Department of
> Housing and Urban Development's] rejection of
> NVA's application for a grant under the FY
> 2005 Indian Community Development Block Grant
> ("ICDBG") program as unsupported by
> substantial evidence and contrary to law, (2)
> declare that AHA is an eligible Community-
> Based Development Organization ("CBDO") under
> 24 CFR 1003.204(c) as a matter of law, and (3)
> remand this case to [the United States
> Department of Housing and Urban Development]
> with directions to continue processing NVA's
> application.[2]

The Defendants, Alphonso Jackson, Secretary of Housing and Urban Development; Wayne Mundy, Administrator, Alaska Office of Native American Programs, United States Department of Housing and Urban Development; and Donna Hartley, Director, Grants Management Division, Alaska Office of Native American Programs, United States Department of Housing and Urban Development (hereinafter collectively referred to as "HUD" or "Defendants"), oppose at Docket 14 and argue the Court should: (1) deny Plaintiff's Motion for Summary Judgment; and (2) dismiss this matter outright.[3]  In

---

[2]   Id.

[3]   Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure provide:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following options may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted.

(continued...)

particular, Defendants argue that they: (1) did not err in rejecting AHA as NVA's CBDO; (2) followed their regulations and therefore did not violate NVA's Fifth Amendment due process rights; and (3) did not violate NVA's due process rights by rejecting NVA's application without a notice and/or a hearing.  The Court agrees with Defendants.

**II. FACTS**

On or about August 25, 2005, "NVA filed an ICDBG application with HUD's Alaska Office of Native American Programs ("ONAP").  The application [sought] a $500,000 grant to build a 4-plex in Akutan for low- and moderate-income tribal members."[4]

---

[3](...continued)
Fed. R. Civ. P. 12(b)(1) & (6).

Rule 12(b) further provides that,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

In accordance with Fed. R. Civ. P. 12(b), and because the Court has considered matters outside the pleadings, Defendants' Motion to Dismiss has been converted to a Rule 56(b) Cross-Motion for Summary Judgment.

[4]     Clerk's Docket 9 at 2 (citation omitted).

ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT - 3
3:05-CV-0284-RRB

NVA was competing with 38 other villages for grant funds.
Only 15 villages were to be awarded grants.  NVA designated AHA as
its   CBDO,   pursuant   to   24   C.F.R.   §   1003.204(c),[5]

---

[5]     24 C.F.R. § 1003.204 provides:

(c) Eligible CBDOs.

(1)  A  CBDO  qualifying  under  this  section  is  an
organization which has the following characteristics:

(i) Is an association or corporation organized under
State or local law to engage in community development
activities  (which  may  include  housing  and  economic
development activities) primarily within an identified
geographic area of operation within the jurisdiction of
the grantee; and

(ii) Has as its primary purpose the improvement of the
physical,  economic  or  social  environment  of  its
geographic area of operation by addressing one or more
critical problems of the area, with particular attention
to the needs of persons of low and moderate income; and

(iii) May be either non-profit or for-profit, provided
any monetary profits to its shareholders or members must
be only incidental to its operations; and

(iv) Maintains at least 51 percent of its governing
body's membership for low-and moderate-income residents
of its geographic area of operation, owners or senior
officers of private establishments and other institutions
located in and serving its geographic area of operation,
or  representatives  of  low-  and  moderate-income
neighborhood organizations located in its geographic area
of operation; and

(v) Is not an agency or instrumentality of the grantee
and does not permit more than one-third of the membership
of its governing body to be appointed by, or to consist
of, elected or other public officials or employees or
officials of an ineligible entity (even though such
persons  may  be  otherwise  qualified  under  paragraph
(c)(1)(iv) of this section); and

(vi)  Except  as  otherwise  authorized  in  paragraph
                                              (continued...)

_____

[5](...continued)
(c)(1)(v) of this section, requires the members of its governing body to be nominated and approved by the general membership of the organization, or by its permanent governing body; and

(vii) Is not subject to requirements under which its assets revert to the grantee upon dissolution; and

(viii) Is free to contract for goods and services from vendors of its own choosing.

(2) A CBDO that does not meet the criteria in paragraph (c)(1) of this section may also qualify as an eligible entity under this section if it meets one of the following requirements:
(i) Is an entity organized pursuant to section 301(d) of the Small Business Investment Act of 1958 (15 U.S.C. 681(d)), including those which are profit making; or

(ii) Is an SBA-approved Section 501 State Development Company or Section 502 Local Development Company, or an SBA Certified Section 503 Company under the Small Business Investment Act of 1958, as amended; or

(iii) Is a Community Housing Development Organization (CHDO) under 24 CFR 92.2, designated as a CHDO by the HOME Investment Partnerships program participating jurisdiction, with a geographic area of operation of no more than one neighborhood, and has received HOME funds under 24 CFR 92.300 or is expected to receive HOME funds as described in and documented in accordance with 24 CFR 92.300(e); or

(iv) Is a tribal-based nonprofit organization. Such organizations are associations or corporations duly organized to promote and undertake community development activities on a not-for-profit basis within an identified service area.

(3) A CBDO that does not qualify under paragraphs (c)(1) or (2) of this section may also be determined to qualify as an eligible entity under this section if the grantee demonstrates to the satisfaction of HUD, through the provision of information regarding the organization's charter and by-laws, that the organization is sufficiently similar in purpose, function, and scope to
(continued...)

to carry out the project.[6]    The application was denied because Defendants determined "AHA did not meet the requirements for a CBDO under [24 C.F.R. § 1003.204(c)]."[7]  NVA requested reconsideration. Defendants denied the request and "reiterated that NVA failed to submit sufficient documentation to establish that AHA qualified as a CBDO, that the HUD Reform Act of 1989, [42 U.S.C. § 3537a], prevented HUD from contacting NVA during the application process,"[8] that its previous "decision was not 'subject to claims of error,' and that under the [Notice of Funding Availability ("NOFA")] and regulations NVA had no administrative remedies."[9]   This action followed.

## III. STANDARDS OF REVIEW

### A.    Agency Action

The Administrative Procedures Act (APA) sets forth the standards governing judicial review of findings of fact made by federal administrative agencies.[10]   Pursuant to the APA, agency

---

[5](...continued)
those entities qualifying under paragraphs (c)(1) or (2) of this section.

[6]     Clerk's Docket 9 at 2 (citations omitted).

[7]     Id. (citation omitted).

[8]     Id. at 3.

[9]     Id. (quoting 42 U.S.C. § 3537a).

[10]    See Dickinson v. Zurko, 527 U.S. 150, 152 (1999); Hells Canyon Alliance v. U.S. Forest Service, 227 F.3d 1170, 1176 (9th
(continued...)

decisions may be set aside only if an administrative agency's findings are found to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; . . . [or] (D) without observance of procedure required by law."[11]

"Because this matter comes before the Court on cross-motions for summary judgement, the Court's function is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision that it did."[12]

B.    **Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[13]  The moving party need not present evidence; it need only point out the

---

[10](...continued)
Cir. 2000).

[11]    5 U.S.C. § 706(2) (2001); see Brower v. Evans, 257 F.3d 1058 (9th Cir. 2001).

[12]    Fishing Company of Alaska v. U.S., 195 F. Supp. 2d 1239, 1247 (W.D. Wash. 2002)(citation omitted).

[13]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

lack of any genuine dispute as to material fact.[14] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[15]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[16] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[17]

## IV.  DISCUSSION

"Because the requested ICDBG funds would be used for a new 4-plex rental housing construction project, NVA was required to designate a [CBDO] to carry out the activity . . . ."[18]  In doing so, the applicable guidelines demanded that the designation be specific.  Indeed, 70 Fed. Reg. 13,684 provided: "Be specific to address all aspects of each relevant criterion and thresholds."[19]

---

[14]  Id. at 323-325.

[15]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[16]  Id. at 255.

[17]  Id. at 248-9.

[18]  Clerk's Docket 14 at 4.

[19]  70 Fed. Reg. 13,684 (emphasis in original).

It further provided: "It is important that these items be addresses as completely as possible since <u>you may not submit additional information to address them once the application is submitted</u>."[20]

Armed with this information, "NVA provided a tribal resolution designating and authorizing [AHA] as its representative for the submission of the ICDBG application . . . ."[21]  However,

> [N]o tribal resolution was provided formally designating AHA as NVA's CBDO.  Instead, AHA, on behalf of NVA, provided one sentence in the application's "Community Development Statement," stating: "<u>In accordance with 24 C.F.R. § 1003.302(b) new housing construction will be implemented by AHA as the [CBDO]</u>."[22]

NVA also "provided a one-page narrative; a copy of Title 18, Chapter 18, Chapter 55, Article 4 of the Alaska Statutes (AS 18.55.995-998), and AHA's bylaws as support for AHA's qualifications as a CBDO."[23]  In particular, the narrative provided: "The aforementioned description describes AHA as a CBDO as defined in § 1003.204 of the regulations governing the ICDBG."[24]

Notwithstanding, and although it referenced 24 C.F.R. § 1003.204, the information package NVA provided Defendants

---

[20]  <u>Id.</u> (emphasis added).

[21]  Clerk's Docket 14 at 8.

[22]  <u>Id.</u> (citation omitted)(emphasis added).

[23]  <u>Id.</u> (footnote omitted)(citation omitted).

[24]  <u>Id.</u> at 9 (citation omitted).

> [D]id not indicate under which provisions
> (i.e., 24 C.F.R. § 1003.204(c)(1), (2) or (3))
> it claimed AHA's CBDO eligibility; nor did it
> make any arguments or assertions directed at
> any of these provisions to demonstrate AHA's
> eligibility.[25]

While this may appear hyper-technical on its face, the requirement to set forth a CBDO was not unreasonable and, in a competitive process, absent evidence of disparate treatment, the rejection of NVA's application cannot be viewed as unlawful.

**A.    Defendants did not err in rejecting AHA as NVA's CBDO.**

In order to qualify as a CBDO, AHA was required to meet the criteria specified at 24 C.F.R. § 1003.204(c)(1), (2), or (3). Plaintiffs concede AHA does not meet the criteria specified at 24 C.F.R. § 1003.204(c)(1).[26]  Plaintiffs allege, however, that an examination of AHA's charter and bylaws, in conjunction with Alaska Stat. § 18.55.996,[27] establishes, as a matter of law, that AHA is "tribally-based" and is, therefore, an eligible CBDO pursuant to 24 C.F.R. § 1003.204(c)(2).[28] Defendants counter and argue AHA "is an organization based on state law and created by an association within a 'Region compromised of approximately 100,000 square miles'

---

[25]    Id.

[26]    Clerk's Docket 16 at 2.

[27]    Alaska Stat. § 18.55.996 addresses the creation of Regional Native Housing Authorities in Alaska.

[28]    Clerk's Docket 14 at 17.

and '12 Federally recognized tribes'"[29]; whereby, it "does not qualify as a CBDO under 24 C.F.R. § 1003.204(c)(2) . . . ,"[30] and, even if it was "tribal-based," Plaintiffs failed to provide support of that argument in their application for ACDBG funds. Because the Court agrees with the later of the two arguments, it needn't address the prior.

Even if AHA were "tribally-based," Plaintiffs failed to adequately and/or specifically demonstrate that AHA was "tribally-based" via their ICDBG application. As a result, their application was denied. The denial was not an abuse of Defendants' discretion. Indeed, Plaintiffs were on notice of the specificity requirement(s) when they submitted their application.[31] Plaintiffs' 24 C.F.R. § 1003.204(c)(3) claim fares no better.

Pursuant to 24 C.F.R. § 1003.204(c)(3), AHA may also qualify as a CBDO - if the grantee:

> [D]emonstrates to the satisfaction of HUD, through the provision of information regarding the organization's charter and by-laws, that the organization is sufficiently similar in purpose, function, and scope to those entities

---

[29]    Id. at 20-21 (citation omitted).

[30]    Id. at 21 (footnote omitted).

[31]    Although bureaucratic requirements are oftentimes tedious and/or frustrating, we must follow established procedures, and/or play by the appropriate rules; especially, when seeking grant money and/or discretionary funds. The failure to do so frequently leaves little or no recourse.

qualifying under [24 C.F.R. § 1003.204(c)(1) or (2)].[32]

Plaintiffs argue "that AHA is not only sufficiently similar, it is substantially similar . . . in purpose, function and scope to an entity qualifying under 24 C.F.R. § 1003.204(c)(1) and (2)."[33] Defendants dispute this claim and argue that:

> NVA's narrative did not indicate under which provisions of that regulation (i.e., 24 C.F.R. § 1003.204(c)(1), (2) or (3)) it claimed AHA's CBDO eligibility; nor did it make any arguments or assertions directed at any of these provisions to "demonstrate" AHA's eligibility.[34]

The Court agrees.

Defendants did <u>not</u> abuse their discretion in finding that NVA failed to comply with 24 C.F.R. § 1003.204(c)(3). Simply put, NVA did <u>not</u> adequately demonstrate the "similarity" it claimed – <u>to Defendants' satisfaction</u>. As a result, the Court concludes that it was neither arbitrary nor capricious for Defendants to deny and/or reject NVA's request for ICDBG funds pursuant to this section.

///

///

---

[32]    24 C.F.R. § 1003.204(c)(3)(emphasis added).

[33]    Clerk's Docket 14 at 23.

[34]    <u>Id.</u>  Although Defendants concede "that AHA might be an eligible CBDO . . . ," Clerk's Docket 16 at 7, n.2 (<u>quoting</u> Clerk's Docket 14 at 16, 24-25), Plaintiffs' failure to sufficiently and specifically complete their application, as directed by the <u>Federal Register</u>, was detrimental to their funding request.

**C.  Defendants' actions did not violate NVA's due process rights.**

Plaintiffs next assert that the rejection of their application without notice and/or an opportunity for a hearing violated their due process rights.  Plaintiffs' assertion, however, is misplaced.  By merely submitting a request for CDBG funds, Plaintiffs did <u>not</u> establish a "protected property interest."

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."[35] "Submitting an application in a competitive grant program like the ICDBG NOFA establishes <u>no</u> legitimate claim of entitlement and, thus no protected property interest."[36]

> Indeed, "[The Supreme Court has] never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment."[37]

Plaintiffs also claim that Defendants violated their own regulations "by rejecting NVA's application without providing

---

[35]  <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577 (1972).

[36]  Clerk's Docket 14 at 39 (emphasis added).

[37]  <u>Id.</u> (quoting <u>Lyng v. Payne</u>, 476 U.S. 926, 942 (1986)(citing <u>Walters v. National Ass'n of Radiation Survivors</u>, 473 U.S. 305, 320, n.8 (1985))).

notice and allowing NVA an opportunity to correct it, thereby violating [their] Fifth Amendment due process rights."[38]   As demonstrated above, however, the Court concludes Defendants did <u>not</u> violate their own regulations when they acted on NVA's application. To the contrary, Defendants held <u>Plaintiffs</u> to the established standards and/or regulations, which standards and/or regulations were not met.   Consequently, the Court concludes no due process rights were violated due to any and/or all alleged regulatory violations - on the part of Defendants.[39]

## V.   CONCLUSION

For reasons stated herein, and for additional reasons cited in Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (Docket 14), Plaintiffs' Motion for Summary Judgment (Docket 9) is hereby **DENIED,** and Defendants' Cross-Motion for Summary Judgment (Docket 14) is hereby **GRANTED**.   The matter is **DISMISSED** with prejudice.

ENTERED this 16th day of May, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[38]   <u>Id.</u> at 38.

[39]   <u>Id.</u>

ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT - 14
3:05-CV-0284-RRB